■ In the Matter of the Claim of ANNE KUNIS, Appellant, v SEARS ROEBUCK COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 24, 1975, which reversed various decisions of a referee and held that the claimant-widow was entitled to neither compensation nor death benefits. The board found that decedent's death: "was due to the natural progression of his underlying heart disease and not causally related to an industrial accident. The evidence in the record does not indicate a single event which precipitated the heart attack and subsequent death on October 5, 1972." There is substantial evidence to sustain the determination of the board. Decision affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.

■ In the Matter of the Claim of MICHAEL J. MANNING, Respondent. PHILIP ROSS, as Industrial Commissioner, Appellant.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 11, 1977, which affirmed the decision of a referee overruling the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he voluntarily left his employment without good cause. Claimant was a full-time college student during the 1975-1976 academic year during which he also worked part time as a machine operator. At the end of the school year in June, 1976, claimant obtained full-time employment as a coding clerk with the employer herein. When the school year resumed in the fall, claimant requested part-time work, but the employer refused to change the work schedule. Claimant then left his employment to return to school on a full-time basis and to seek part-time work. The board found that the claimant was a part-time worker during the months he was attending college and the fact that he had worked full-time during the summer when he was not in college did not cause him to lose his status as a part-time worker. Such action did not constitute leaving summer job without good cause. Therefore, it was concluded that claimant's employment terminated under nondisqualifying conditions. We disagree. This court has consistently held that leaving employment that is available in order to attend school does not constitute good cause under the Unemployment Insurance Law. When the employer refused to give the claimant part-time work so that he could attend school on a full-time basis, claimant's termination of his employment was for personal and non-compelling reasons, disqualifying him from receiving benefits (Matter of Christophe [Levine], 50 AD2d 705; Matter of Schifferle [Catherwood], 33 AD2d 847). Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.